UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

MICHAEL LEWIS,

    Plaintiff,

v.    Case No: 5:22-cv-521-PRL

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

### ORDER

Plaintiff appeals the administrative decision denying his applications for a period of disability and disability insurance benefits ("DIB") and supplemental security income benefits ("SSI"). Upon a review of the record, the memoranda, and the applicable law, the Commissioner's decision is REVERSED and REMANDED.

### I.  BACKGROUND

On November 22, 2019, Plaintiff filed applications for DIB and SSI benefits, alleging disability beginning February 21, 2012. The claim was denied initially, and upon reconsideration. At Plaintiff's request, a hearing was held on December 29, 2021, where both the Plaintiff and an impartial vocational expert testified. On March 3, 2022, the Administrative Law Judge (ALJ) issued a notice of unfavorable decision, finding Plaintiff not disabled. (Tr. 33-43). Plaintiff's request for review was denied by the Appeals Council (Tr. 1), and Plaintiff initiated this action on November 2, 2022. (Doc. 1). Plaintiff has exhausted his administrative remedies, and the final decision of the Commissioner is ripe for review under 42 U.S.C. § 405(g).

Based on a review of the record, the ALJ found that Plaintiff had the following severe impairments: status post left-hand partial amputation; right knee arthralgia; right shoulder rotator cuff tear, status post-surgery; hypertension; headaches; obesity; depressive disorder; anxiety; and bipolar disorder. (Tr. 36).

The ALJ found that the Plaintiff had the residual functional capacity to perform less than the full range of light work:

> he can lift, carry, push and/or pull twenty (20) pounds occasionally and ten (10) pounds frequently. He can stand and walk for approximately six (6) hours and can sit for approximately six (6) hours in an 8-hour workday with normal breaks. He could occasionally climb stairs, balance, stoop, kneel, crouch and crawl, but should never climb ladders or scaffolds. He is limited to no feeling and no fingering with the left hand and only occasional handling with the left hand. Reaching overhead with the right upper extremity is limited to occasionally. He must avoid exposure to vibration, unprotected heights, and hazardous machinery. He can handle exposure to a noise level intensity not above the "moderate" level as defined in the Selected Characteristics of Occupations (SCO). "Moderate" is defined in the SCO as the noise intensity level in a business office where typing is done, department stores, grocery stores, light traffic, and fast-food restaurants at off-hours. He could perform tasks that are simple and that can be learned in 30 days or less. He can occasionally interact with coworkers and the public. He is limited to low stress work, defined as having only occasional decision making and changes in the work setting.

(Tr. 38).

Based upon his RFC, the ALJ found that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, such as laminating-machine off bearer; conveyor line, bakery; and marker (Tr. 42-43). The ALJ's finding includes his consideration of Plaintiff's limitations that erode the unskilled light occupational base, and the vocational expert's testimony regarding what functions Plaintiff could perform in light of his limitations. (Tr. 42-43). Accordingly, the ALJ determined that Plaintiff is not disabled.

## II.   STANDARD OF REVIEW

A claimant is entitled to disability benefits when he or she is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to either result in death or last for a continuous period of not less than twelve months. 42 U.S.C. §§416(i)(1), 423(d)(1)(A); 20 C.F.R. §404.1505(a).

The Commissioner has established a five-step sequential analysis for evaluating a claim of disability, which is by now well-known and otherwise set forth in the ALJ's decision. *See* 20 CFR §§ 404.1520(a), 416.920(a); *see also Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001). The claimant, of course, bears the burden of persuasion through step four and, at step five, the burden shifts to the Commissioner. *Bowen v. Yuckert*, 482 U.S. 137, 146 n. 5 (1987).

The scope of this Court's review is limited to a determination of whether the ALJ applied the correct legal standards and whether the findings are supported by substantial evidence. *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988) (citing *Richardson v. Perales*, 402 U.S. 389, 390 (1971)). Indeed, the Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. §405(g). Substantial evidence is more than a scintilla – i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (*citing Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971)); *accord Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991). Where the Commissioner's decision is supported by substantial evidence, the District Court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the

reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards*, 937 F.2d at 584 n.3; *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). This is clearly a deferential standard.

Nevertheless, "[t]he Secretary's failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal." *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994).

### III.  DISCUSSION

At issue here are Plaintiff's limitations with respect to his left hand. The record shows that Plaintiff injured his left hand and had his left ring and small fingers amputated. In his RFC assessment, the ALJ found that Plaintiff was limited to "no feeling and no fingering with the left hand," and only "occasional handling with the left hand." (Tr. 40).

In considering the record evidence, the ALJ found persuasive the opinion of State agency medical consultant, Thomas Renny, D.O. who concluded that Plaintiff was limited to light work with additional postural, manipulative, and environmental limitations. (Tr. 41, 127-131). Relevant here is the consultant's finding that Plaintiff's "handling and fingering are limited to never on the left side" and "[f]eeling is limited to frequently on the left side." (Tr. 129). The ALJ noted that the consultant's opinion was supported by the objective evidence, and specifically cited to records, including a consultative examination showing that Plaintiff's left-hand grip strength was 0/5 and fine manipulation was absent. (Tr. 41, 130, 876).

Given his finding that the consultant's opinion—that included a limitation to no handling on the left side—was persuasive and supported by records showing that Plaintiff had no grip strength or fine manipulation, it is unclear how the ALJ concluded that Plaintiff

could occasionally handle with his left hand. Accordingly, the Court cannot say that the ALJ's RFC determination is supported by substantial evidence.

## IV.   CONCLUSION

For the reasons stated above, the ALJ'S decision is REVERSED and REMANDED under sentence four of 42 U.S.C. § 405(g). The **Clerk is directed** to enter final judgment for Plaintiff and **close the file**.

**DONE and ORDERED** in Ocala, Florida on October 13, 2023.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties