UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**MICHAEL LEWIS,**

    Plaintiff,

v.                                                                       Case No: 5:22-cv-521-PRL

**COMMISSIONER OF SOCIAL SECURITY,**

    Defendant.

_____

### ORDER

This matter is before the Court on the motion of the Estate of Martin Cohen for an award of attorney's fees pursuant to 42 U.S.C. §406(b). (Doc. 30). Plaintiff's prior counsel, Martin Cohen, Esq., passed away in late 2024. On May 9, 2025, Michael Steinberg, Esq. filed a notice of appearance advising that he was appearing for the sole purpose of petitioning the court for fees on behalf of Mr. Cohen's Estate. (Doc. 29). Now, the Estate of Martin Cohen has filed the instant motion seeking an award of $27,286.50, which is twenty-five percent of the past due benefits withheld by the Social Security Administration for payment of an attorney fee award. (Doc. 30-1). The Estate of Martin Cohen has filed a copy of the fee agreement in which Plaintiff acknowledges a 25% fee award of past due benefits (Doc. 32-1).[1] The Commissioner takes no position on the instant motion.

---

[1] The Court directed the Estate of Martin Cohen to file a copy of the fee agreement between Attorney Martin Cohen and Plaintiff. (Doc. 31). In response, counsel for the Estate of Martin Cohen advised that he has been unable to locate a signed copy of the fee agreement. (Doc. 32). However, Plaintiff has acknowledged that he received the standard fee agreement providing for payment of 25% of his past-due benefits if his claim was approved and that he "agreed to the terms in the fee agreement when I authorized my attorney to file the appeal on my behalf. I am now signing the fee

I.   **Background**

On October 13, 2023, this Court reversed and remanded the case to the Social Security Administration (SSA) for further proceedings. (Doc. 23). On January 31, 2024, the Court awarded attorney's fees to Attorney Cohen under the Equal Access to Justice Act (EAJA) in the sum of $2,956.43, for time spent representing Plaintiff before this Court. (Doc. 28). Subsequently, on remand, Plaintiff was awarded past due benefits of which the SSA withheld 25% for payment to Plaintiff's attorney, totaling $27,286.50. (Doc. 30-1). Now, in the instant motion, the Estate of Martin Cohen is requesting authorization to charge $27,286.50 pursuant to the §406(b) agreement between Plaintiff and Attorney Cohen.

II.  **Discussion**

In evaluating a claim for attorney's fees under § 406(b), the Court must determine whether the requested fee is reasonable. *Gisbrecht v. Barnhart*, 535 U.S. 789, 809 (2002). A contingency fee may be unreasonable if the fee exceeds the twenty-five percent statutory limit, the agreement between the claimant and the attorney involved fraud or overreaching, the case was unreasonably delayed by the claimant's attorney, or the award would be "so large as to be a windfall to the attorney." *Peterson v. Comm'r of Soc. Sec.*, No., 2018 WL 3650034, at *1 (M.D. Fla. June 19, 2018) (quoting *Wells v. Sullivan*, 907 F.2d 367, 371 (2d Cir.1990). The "best indicator of the 'reasonableness' of a contingency fee in a social security case is the contingency percentage actually negotiated between the attorney and client, not an hourly rate determined under lodestar calculations." *Id.*

---

agreement and agreeing that it be considered effective retroactive to November 2, 2022." (Doc, 32-1). Accordingly, the Court finds the fee agreement to be effective *nunc pro tunc* to November 2, 2022.

To evaluate the reasonableness of a contingency fee award based on nothing more than a lodestar calculation would "have a chilling effect on the willingness of attorneys to undertake contingent fee representation in [Social Security] cases" and it would create "a perverse incentive [for attorneys] to delay proceedings or expend unnecessary hours in an effort to prolong successful litigation-all to ensure that their § 406(b) fee would not be reduced based on its appearing excessively high in comparison to the number of hours they expended." *Gorgoglione v. Comm'r of Soc. Sec.*, No. 8:13-CV-953-T-33TBS, 2015 WL 2094909, at *3 (M.D. Fla. May 5, 2015) (citations omitted). Moreover, the Supreme Court has approved the use of contingency fee arrangements in Social Security cases, finding that § 406 did "not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002).

Here, the Court finds that the requested attorney's fees are reasonable. Attorney Cohen and Plaintiff agreed that counsel would receive 25% of all past due benefits awarded on appeal. (Doc. 32-1). Attorney Cohen filed the appeal and achieved a favorable outcome for his client—i.e., that Plaintiff was entitled to ongoing monthly disability benefits beginning in November 2018. (Doc. 30-1). Admittedly, this was not a particularly difficult or complex case. Attorney Cohen spent only 12.25 hours on the case and his memorandum was nine written pages. (Docs. 19, 25-1). While the limited time spent on this case could weigh against approving the requested fee, the low numbers of hours "may have as much to do with [Mr. Cohen's] experience and expertise as it does with the facts of the case." *Gorgoglione,* 2105 WL 2094909 at *4. Moreover, the contingent nature of the fee agreement meant that Mr. Cohen risked recovering no fee as winning remand was no guarantee of an award of past due benefits.

Based on my consideration of the above factors, and in the absence of any objection by the Commissioner, I find that the requested fee is reasonable and should be approved. Accordingly, the Estate of Martin Cohen's motion for attorney's fees pursuant to 42 U.S.C. §406(b) (Doc. 30) is **GRANTED**. Section 406(b) fees are approved in the sum of **$27,286.50**. The Estate of Martin Cohen shall refund to Plaintiff the previously awarded EAJA fees in the amount of $2,956.43.[2]

**DONE** and **ORDERED** in Ocala, Florida on October 14, 2025.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties

---

[2] Normally, any award under Section 406(b) must be offset by the EAJA award. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002) (finding that fee awards may be made under both 42 U.S.C. § 406(b) and the EAJA but that the claimant's attorney must refund to the claimant the amount of the smaller fee); *Watford v. Heckler*, 765 F.2d 1562, 1566 n.5 (11th Cir. 1985). Such offset may be achieved by counsel's payment to the claimant of the amount of the EAJA award or by a reduction of the Section 406(b) fee request in the amount of the EAJA fee award. *Jackson v. Comm'r of Soc. Sec.*, 601 F.3d 1268, 1273-74 (11th Cir. 2010). Here, the Estate of Martin Cohen represents that it will refund to Plaintiff the EAJA award. (Doc. 30 at 3).